

1  Geoffrey Gordon-Creed, SBN 136188
2  Jeremy Sugerman, SBN 146315
   **GORDON-CREED, KELLEY,**
3  **HOLL & SUGERMAN, LLP**
4  222 Kearny Street, Suite 650
   San Francisco, California 94108
5  Telephone: (415) 421-3100
   Facsimile: (415) 421-3150
6

7  Attorneys for Defendant
8  MY PILLOW, INC.

9               **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11 | SALESFORCE.COM, INC.,              | Case No **CV 13 1845**

12                 Plaintiff,          | (San Francisco County Superior Court, Case
13                                     | No.: CGC-13-529775)
14 | v.
                                       | **NOTICE TO FEDERAL COURT OF**
15 | MY PILLOW, INC.,                  | **REMOVAL OF CIVIL ACTION FROM**
                                       | **STATE COURT**
16                 Defendant.
17                                     | [Diversity]

18

19      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20 NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SALESFORCE.COM,

21 INC. AND ITS ATTORNEYS OF RECORD:

22      PLEASE TAKE NOTICE that defendant My Pillow, Inc., by and through its undersigned

23 counsel, hereby removes this action to this Court from the Superior Court of San Francisco

24 County (the "State Court"), pursuant to 28 U.S.C. §§ 1441(b) and 1332. The ground for

25 removal is as follows:

26      1.      The action's removal is authorized by 28 U.S.C. § 1441(b) because the action

27 falls within the diversity jurisdiction of this Court under 28 U.S.C. § 1332.

28

## JURISDICTIONAL ALLEGATIONS

2.     Plaintiff SalesForce.com, Inc. ("SalesForce") is a Delaware corporation whose principal place of business is in San Francisco, California.

3.     Defendant My Pillow, Inc. ("My Pillow") is a Minnesota corporation whose principal place of business is in Chanhassen, Minnesota.

4.     The amount in controversy exceeds $75,000, exclusive of interest and costs. Indeed, Paragraph 10 of the Complaint speaks of $551,908.00 in damages.

5.     This Court therefore has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because this is an action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PROCEDURAL ALLEGATIONS

6.     *Timeliness.* This action was commenced in the State Court on March 21, 2013. My Pillow was served on March 25, 2013. The action is therefore being removed within the 30-day period provided by 28 U.S.C. § 1446(b)(1).

7.     *Venue.* As required by the venue provision of 28 U.S.C. § 1446(a), this Court is the district court for the district within which the action has been pending.

8.     *Other.* No proceedings have taken place in the instant State Court action other than the filing and service of the summons and complaint. As contemplated by 28 U.S.C. § 1446(a), My Pillow files those documents as served on My Pillow by reproducing them as **Exhibit A** hereto. Consistent with 28 U.S.C. § 1441(b), no party in interest properly joined and served as a defendant, is a citizen of California, the state in which the action was brought. My Pillow is unaware of any other defendants who have been named in the complaint or who have been served with a summons and complaint.

9.     Pursuant to 28 U.S.C. § 1446(d), the Notice of the Filing of the Notice of Removal is being served on plaintiff on April 23, 2013.

10.     A Notice of Filing of Notice of Removal is being filed with the Clerk of the State Court on April 23, 2013.

1    WHEREFORE, Defendant My Pillow, Inc. hereby removes this action to this Court from

2  the Superior Court for the State of California, San Francisco County.

3
4  Dated: April 23, 2013                          GORDON-CREED, KELLEY,
                                                   HOLL & SUGERMAN, LLP,
5
6                                          By:
7                                                Jeremy Sugerman
                                                 Attorneys for Defendant
8                                                MY PILLOW, INC.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

## PROOF OF SERVICE BY MAIL
### [CCP Secs. 1011, 2015.5]

3

4

I declare that I am employed in the City and County of San Francisco, California.  I am

5

over the age of 18 years and not a party to the within action; my business address is 222 Kearny

6

Street, Suite 650, San Francisco, California 94108.

7

On April 23, 2013, I served the within **NOTICE TO FEDERAL COURT OF**

8

**REMOVAL OF CIVIL ACTION FROM STATE COURT** on the parties in the within action

9

at the address below listed by mailing true copies thereof with the U.S. Postal Service, first class

10

mail, in a sealed envelope with postage affixed thereon, as follows:

11

Lawrence M. Schwab, Esq.

12

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300

13

Palo Alto, California  94306

14

I am readily familiar with the firm's practice for collection and processing of

15

correspondence for mailing with the United States Postal Service and that the above-referenced

16

documents were deposited with the United States Postal Service for collection and processing on

17

that date, in the ordinary course of business.

18

I declare under penalty of perjury under the laws of the State of California that the

19

foregoing is true and correct and that this Declaration was executed on April 23, 2013, at San

20

Francisco, California.

21

22

23

24


Linda J. Halperin

25

26

27

28

EXHIBIT A

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lawrence M. Schwab, Bar No. 085600<br>Thomas A. Burg, Bar No. 211937<br>Bialson, Bergen & Schwab<br>2600 El Camino Real, Suite 300<br>Palo Alto, CA 94306<br>　TELEPHONE NO.: 650 857-9500　FAX NO. *(Optional):*　650 494-2738<br>E-MAIL ADDRESS *(Optional):* tburg@bbslaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>Superior Court of California<br>County of San Francisco<br>MAR 29 2013<br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
　STREET ADDRESS: 400 McAllister Street
　MAILING ADDRESS:
　CITY AND ZIP CODE: San Francisco, CA 94061
　BRANCH NAME:

| PLAINTIFF/PETITIONER: Salesforce.com, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: My Pillow, Inc. | CGC-13-529775 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice to Plaintiff, Alternative Dispute Resolution Program Information Package, Mediation Services Brochure

3. a. Party served *(specify name of party as shown on documents served):*
      My Pillow, Inc.
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Bonnie Benson, Vice President

4. Address where the party was served: 950 Lake Drive #100
   Chanhassen, MN 5531?

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3/25/13　　(2) at *(time):* 1:23 PM
   b. ☐ **by substituted service.** On *(date):*　　　　at *(time):*　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*　　from *(city):*　　　　**or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Salesforce.com, Inc. | CASE NUMBER:<br>CGC-13-529775 |
|---|---|
| DEFENDANT/RESPONDENT: My Pillow, Inc. | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d. ☐ **by other means** *(specify means of service and authorizing code section):*


    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☒ On behalf of *(specify):*
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
    a. Name: Wanda Raymond
    b. Address: 330 2nd Ave S, #150, Minneapolis MN 55401
    c. Telephone number: 612-332-0202
    d. **The fee** for service was: $
    e. I am:
        (1) ☒ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☐ registered California process server:
            (i) ☐ owner ☐ employee ☐ independent contractor.
            (ii) Registration No.:
            (iii) County:

8. ☒ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I **am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 3/25/13

Wanda Raymond              ▶ Wanda Raymond
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE )

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** My Pillow, Inc.; DOES 1 to 10;
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Salesforce.com, Inc.;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* 13 - 529775

Superior Court County of San Francisco
400 McAllister Street

San Francisco, CA 94061

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence M. Schwab, Bar No. 085600          650 857-9500     650 494-2738
Thomas A. Burg, Bar No. 211937
Bialson, Bergen & Schwab
2600 El Camino Real, Suite 300, Palo Alto, CA 94306

DATE: **MAR 2 1 2013**   CLERK OF THE COURT   Clerk, by   DENNIS TOYAMA   , Deputy
*(Fecha)*                *(Secretario)*                                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

PLD-C-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Lawrence M. Schwab, Bar No. 085600<br>Thomas A. Burg, Bar No. 211937<br>Bialson, Bergen & Schwab<br>2600 El Camino Real, Suite 300<br>Palo Alto, CA 94306<br>TELEPHONE NO: 650 857-9500    FAX NO. *(Optional):* 650 494-2738<br>E-MAIL ADDRESS *(Optional):* tburg@bbslaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY**<br><br>ENDORSED<br>F I L E D<br>*San Francisco County Superior Court*<br><br>MAR 2 1 2013<br><br>CLERK OF THE COURT<br>BY: _____ DENNIS TOYAMA<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94061
BRANCH NAME:

PLAINTIFF: Salesforce.com, Inc.;

DEFENDANT: My Pillow, Inc.;

[X] DOES 1 TO    10;

| **CONTRACT** | CASE NUMBER: |
|---|---|
| [X] **COMPLAINT**    [ ] **AMENDED COMPLAINT** *(Number):*<br>[ ] **CROSS-COMPLAINT**  [ ] **AMENDED CROSS-COMPLAINT** *(Number):*<br><br>**Jurisdiction** *(check all that apply):*<br>[ ] **ACTION IS A LIMITED CIVIL CASE**<br>  Amount demanded [ ]  does not exceed $10,000<br>                 [ ]  exceeds $10,000, but does not exceed $25,000<br>[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>      [ ] from limited to unlimited<br>      [ ] from unlimited to limited | C G C - 1 3 - 5 2 9 7 7 5 |

1. Plaintiff* *(name or names):* Salesforce.com, Inc.

   alleges causes of action against defendant* *(name or names):* My Pillow, Inc.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 27
3. a. Each plaintiff named above is a competent adult
      [X] except plaintiff *(name):* Salesforce.com, Inc.

         (1) [X] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity *(describe):*
         (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. [ ] has complied with all licensing requirements as a licensed *(specify):*

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [X] except defendant *(name):* My Pillow,     [ ] except defendant *(name):*
      Inc.

      (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
      (2) [X] a corporation                             (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*    (3) [ ] an unincorporated entity *(describe):*

      (4) [ ] a public entity *(describe):*             (4) [ ] a public entity *(describe):*

      (5) [ ] other *(specify):*                        (5) [ ] other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.
Page 1 of 2
Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]
**COMPLAINT—Contract**
Legal Solutions Plus
Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: Salesforce.com, Inc. vs. My Pillow, Inc. | CASE NUMBER: |
| --- | --- |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [x] Doe defendants *(specify Doe numbers):* 1-10 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [x] Doe defendants *(specify Doe numbers):* 1-10 _____ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] has complied with applicable claims statutes, or
   b. [ ] is excused from complying because *(specify):*

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.
7. This court is the proper court because
   a. [x] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [x] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [x] other *(specify):* Defendants consented to the exclusive jurisdiction and venue of the Courts in San Francisco, CA.
8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   [x] Breach of Contract
   [x] Common Counts
   [ ] Other *(specify):*

9. [x] Other allegations:
   The obligation or liability arose here and the breach of contract occurred here.

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. [x] damages of: $ 551,908.00
   b. [x] interest on the damages
      (1) [ ] according to proof
      (2) [x] at the rate of *(specify):* 18.00 percent per year from *(date):* May 30, 2012
   c. [x] attorney's fees
      (1) [x] of: $1,000.00 pursuant to Civil Code Section 1717.5 for the second cause of action.
      (2) [x] according to proof.
   d. [ ] other *(specify):*

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 20, 2013

Thomas A. Burg
      (TYPE OR PRINT NAME)

BIALSON, BERGEN & SCHWAB

      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: Salesforce.com, Inc. vs. My Pillow, Inc. | CASE NUMBER: |
|---|---|

First _____        **CAUSE OF ACTION—Breach of Contract**
     *(number)*

ATTACHMENT TO  [x] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Salesforce.com, Inc.

    alleges that on or about *(date):*   March 30, 2012
    a [x] written  [ ] oral  [ ] other *(specify):*
    agreement was made between *(name parties to agreement):* Plaintiff Salesforce.com, Inc.
    and Defendants My Pillow, Inc. and DOES 1-10
    [x] A copy of the agreement is attached as Exhibit A, or
    [x] The essential terms of the agreement  [ ] are stated in Attachment BC-1   [x] are as follows *(specify):*
    On or about March 30, 2012, Defendant My Pillow, Inc. submitted an
    Order Form to Plaintiff.  A true and correct copy of the Order
    Form is attached hereto as Exhibit "A".  On or about April 17,
    2012, Defendant electronically assented to the terms of the
    Salesforce.com Master Subscription Agreement ("MSA") via the
    Salesforce.com website.  A true and correct copy of the MSA is
    attached hereto as Exhibit "B".

BC-2. On or about *(dates):* May 30, 2012
    defendant breached the agreement by  [ ] the acts specified in Attachment BC-2 [x] the following acts
    *(specify):* failing and refusing to make payment for the fees and
    charges due under the terms of the MSA.  True and correct copies
    of the invoices submitted by Plaintiff to Defendant pursuant to
    the MSA are attached hereto as Exhibit "C".  Defendants have
    failed and refused to pay Plaintiff's invoices.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
    excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    [ ] as stated in Attachment BC-4   [x] as follows *(specify):* $551,908.00, plus interest,
    thereon at the rate of 18% per annum, from and after May 30, 2012.

BC-5. [x] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [x] according to proof.

BC-6. [ ] Other:

Page 3
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**   Legal
Solutions
& Plus

Code of Civil Procedure, § 425.12

PLD-C-001(2)

| SHORT TITLE: Salesforce.com, Inc. vs. My Pillow, Inc. | CASE NUMBER: |
|---|---|

Second_____ **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Salesforce.com, Inc.

alleges that defendant *(name):* My Pillow, Inc. and DOES 1-10

became indebted to [x] plaintiff [ ] other *(name):*

a. [x] within the last four years
    (1) [x] on an open book account for money due.
    (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

b. [ ] within the last [ ] two years [ ] four years
    (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
    (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant
        and for which defendant promised to pay plaintiff
        [ ] the sum of $
        [ ] the reasonable value.
    (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        [ ] the sum of $
        [ ] the reasonable value.
    (4) [ ] for money lent by plaintiff to defendant at defendant's request.
    (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
    (6) [ ] other *(specify):*

CC-2. $ 551,908.00 , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest [ ] according to proof [x] at the rate of 10_____ percent per year
from *(date):* May 30, 2012

CC-3. [x] Plaintiff is entitled to attorney fees by an agreement or a statute
    [x] of $ 1,000.00 pursuant to Civil Code Section 1717.5.
    [ ] according to proof.

CC-4. [ ] Other:

Page 4
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Legal
Solutions-
& Plus

Code of Civil Procedure, § 425.12

PLD-C-001(2)

| SHORT TITLE: Salesforce.com, Inc. vs. My Pillow, Inc. | CASE NUMBER: |
|---|---|

<u>Third</u>       **CAUSE OF ACTION—Common Counts**
*(number)*

ATTACHMENT TO   [x]   Complaint    [ ]   Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Salesforce.com, Inc.

     alleges that defendant *(name):*My Pillow, Inc. and DOES 1-10

     became indebted to   [x] plaintiff    [ ] other *(name):*

     a.  [x]   within the last four years
           (1)  [ ]   on an open book account for money due.
           (2)  [x]   because an account was stated in writing by and between plaintiff and defendant in which it
                    was agreed that defendant was indebted to plaintiff.

     b.  [ ]   within the last   [ ] two years    [ ] four years
           (1)  [ ]   for money had and received by defendant for the use and benefit of plaintiff.
           (2)  [ ]   for work, labor, services and materials rendered at the special instance and request of defendant
                    and for which defendant promised to pay plaintiff
                    [ ]   the sum of $
                    [ ]   the reasonable value.
           (3)  [ ]   for goods, wares, and merchandise sold and delivered to defendant and for which defendant
                    promised to pay plaintiff
                    [ ]   the sum of $
                    [ ]   the reasonable value.
           (4)  [ ]   for money lent by plaintiff to defendant at defendant's request.
           (5)  [ ]   for money paid, laid out, and expended to or for defendant at defendant's special instance and
                    request.
           (6)  [ ]   other *(specify):*

CC-2. $ 551,908.00          , which is the reasonable value, is due and unpaid despite plaintiff's demand,
      plus prejudgment interest   [ ]     according to proof [x]   at the rate of <u>10</u>      percent per year
      from *(date):* May 30, 2012

CC-3.  [ ]   Plaintiff is entitled to attorney fees by an agreement or a statute
             [ ]   of $
             [ ]   according to proof.

CC-4.  [ ]   Other:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Legal
Solutions®
◯ Plus

Code of Civil Procedure, § 425.12

PLD-C-001(2)

| SHORT TITLE: Salesforce.com, Inc. vs. My Pillow, Inc. | CASE NUMBER: |
|---|---|

Fourth _____ **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Salesforce.com, Inc.

alleges that defendant *(name):* My Pillow, Inc. and DOES 1-10

became indebted to   [X] plaintiff   [ ] other *(name):*

a. [ ] within the last four years
    (1) [ ] on an open book account for money due.
    (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

b. [X] within the last   [X] two years   [ ] four years
    (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
    (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant
        and for which defendant promised to pay plaintiff
        [X] the sum of $551,908.00
        [ ] the reasonable value.
    (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        [ ] the sum of $
        [ ] the reasonable value.
    (4) [ ] for money lent by plaintiff to defendant at defendant's request.
    (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
    (6) [ ] other *(specify):*

CC-2. $551,908.00 _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest [ ] according to proof [X] at the rate of 10 _____ percent per year
from *(date):* May 30, 2012

CC-3. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [ ] according to proof.

CC-4. [ ] Other:

Page 6 _____
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

# EXHIBIT "A"

DocuSign Envelope ID: 66F26076-7986-4372-84DC-659C4D64F58A



salesforce.com, inc.
San Francisco, CA 94105
United States

ORDER FORM for Mypillow.com
Offer Valid Through: 3/31/2012
Proposed by: Greg Kokoefer
Quote Number: Q-1016031

## ORDER FORM

## Address Information

Bill To:
920 6th St. West
Carver, MN 55315
US

Ship To:
920 6th St. West
Carver, MN 55315
US

Billing Company Name: Mypillow.com
Billing Contact Name: Kim Rassmusen
Billing Email Address: kim@mypillow.com

Billing Phone: (952) 826-8502
Billing Fax:
Billing Language: English

## Terms and Conditions

Contract Start Date*: 4/15/2012
Contract End Date*: 4/14/2015
Billing Frequency: Annually

Payment Method: Check
Payment Terms: Net 45
Billing Method: Email

DocuSign Envelope ID: 66F26076-7988-4372-84DC-659C4D64F58A

## Products

| Products | | | | | | |
|---|---|---|---|---|---|---|
| Premier Success Plan (Support) - Sales Cloud | 4/15/2012 | 4/14/2015 | 36 | USD 16.88 | 120 | USD 72,900.00 |
| Premier Success Plan (Support) - Service Cloud | 4/15/2012 | 4/14/2015 | 36 | USD 18.23 | 80 | USD 52,488.00 |
| Sales Cloud - Enterprise Edition | 4/15/2012 | 4/14/2015 | 36 | USD 82.50 | 40 | USD 118,800.00 |
| Sales Cloud - Enterprise Edition (Restricted Use) | 4/15/2012 | 4/14/2015 | 36 | USD 62.50 | 80 | USD 180,000.00 |
| Service Cloud - Enterprise Edition | 4/15/2012 | 4/14/2015 | 36 | USD 89.10 | 75 | USD 240,570.00 |
| Service Cloud - Enterprise Edition (Restricted Use) | 4/15/2012 | 4/14/2015 | 36 | USD 67.50 | 5 | USD 12,150.00 |
| | | | | | | Total: USD 676,908.00 |

+ The Monthly/Unit Price shown above has been rounded to two decimal places for display purposes. As many as eight decimal places may be present in the actual price. The totals for this order were calculated using the actual price, rather than the Monthly/Unit Price displayed above, and are the true and binding totals for this order.

* If this Order Form is executed and/or returned to salesforce.com by Customer after the Order Start Date above, salesforce.com may adjust these terms, without increasing the Total Price, based on the date salesforce.com activates the products above. Following activation, any adjustments to these terms may be confirmed by reference to the order confirmation sent by salesforce.com to the Billing Email Address above, and/or by contacting Customer Service.

Prices shown above do not include any taxes that may apply. Any such taxes are the responsibility of Customer. This is not an invoice.

## Contract Purchase and Pricing Conditions

| | |
|---|---|
| Service Cloud - Enterprise Edition | 93.15 |
| Sales Cloud - Enterprise Edition | 66.25 |
| Service Cloud - Enterprise Edition (Restricted Use) | 67.50 |
| Sales Cloud - Enterprise Edition (Restricted Use) | 62.50 |
| Premier Success Plan (Support) - Sales Cloud | 16.56 |
| Premier Success Plan (Support) - Service Cloud | 15.22 |

. DocuSign Envelope ID: 66F26076-7988-4372-84DC-659C4D84F58A

## Contract Special Terms

Eighty (80) of the Sales Cloud - Enterprise Edition User subscriptions ordered hereunder at pricing of $750 / User / year and five (5) of the Service Cloud - Enterprise Edition User subscriptions ordered hereunder at pricing of $810 / User / year are Restricted Use Subscriptions. "Restricted Use Subscriptions" shall be limited to employees of Customer who work (1) no more than thirty (30) hours per week, and (2) are located in Customer's inbound call center or customer service departments. In addition, the ratio of Restricted Use Subscriptions to full-use subscriptions shall be one Restricted Use subscription to every two full-use Sales Cloud and/or Service Cloud - Enterprise Edition full-use subscriptions (2:1). Customer must strictly segregate all Restricted Use Subscriptions from any full-featured subscriptions it may hold by setting up and enforcing a unique profile in the Service associated with such Restricted Use Subscriptions. Customer understands that the above functionality limitations are contractual in nature (i.e., the functionality itself has not been disabled as a technical matter in the Service) and therefore agrees to strictly monitor its Users' use of such subscriptions and enforce the applicable restrictions. SFDC may audit Customer's use of Restricted Use Subscriptions at any time through the Service. Should any audit reveal any unauthorized use of Restricted Use Subscriptions, Customer agrees it will pay, within five (5) business days of notice of the audit results, the difference between the contract price for Restricted Use Subscriptions and the contract price for full Sales Cloud- Enterprise Edition User and Service Cloud - Enterprise Edition User subscriptions, for all of the Restricted Use Subscriptions showing unauthorized use (taken as a group), beginning with the date of the first violation through the end of the then current subscription term. Upon such payment, all such Restricted Use Subscriptions showing unauthorized use will be converted into full subscriptions for the remainder of the then current subscription term.

Fees owed for the User Subscriptions under this Order Form shall be due Net 45 days from the invoice date in year one and Net 30 days from the invoice date in years two and three

## Purchase Order Information

Is a Purchase Order (PO) required for the purchase or payment of the products on this Order Form?

Please select: (Customer to complete)

[ X ] No

[ ] Yes

If yes, please complete the following:

PO Number: _____

PO Amount: _____

Upon signature by Customer and submission to salesforce.com, this Order Form shall become legally binding and governed by the Master Subscription Agreement between salesforce.com and Customer, unless this Order Form is rejected by salesforce.com. salesforce.com may reject this Order Form if: (1) the signatory below does not have the authority to bind Customer to this Order Form, (2) changes have been made to this Order Form (other than completion of the purchase order information and the signature block),or (3) the requested purchase order information or signature is incomplete or does not match our records or the rest of this Order Form. Subscriptions are non-cancelable before their Order End Date.

Customer: Mypillow.com

Signature [signed: Michael Lindell]

Name  Michael Lindell

Business Title  CEO

DocuSign Envelope ID: 86F26076-7988-4372-84DC-859C4D64F58A

Authority Level   C Level Executive

Date March 30, 2012 | 13:13 PT

Confidential and proprietary. © Copyright 2000-2012 salesforce.com, Inc. All rights reserved.

# EXHIBIT "B"



## Master Subscription Agreement

THIS MASTER SUBSCRIPTION AGREEMENT ("AGREEMENT") GOVERNS YOUR ACQUISITION AND USE OF OUR SERVICES.

IF YOU REGISTER FOR A FREE TRIAL FOR OUR SERVICES, THIS AGREEMENT WILL ALSO GOVERN THAT FREE TRIAL.

BY ACCEPTING THIS AGREEMENT, EITHER BY CLICKING A BOX INDICATING YOUR ACCEPTANCE OR BY EXECUTING AN ORDER FORM THAT REFERENCES THIS AGREEMENT, YOU AGREE TO THE TERMS OF THIS AGREEMENT. IF YOU ARE ENTERING INTO THIS AGREEMENT ON BEHALF OF A COMPANY OR OTHER LEGAL ENTITY, YOU REPRESENT THAT YOU HAVE THE AUTHORITY TO BIND SUCH ENTITY AND ITS AFFILIATES TO THESE TERMS AND CONDITIONS, IN WHICH CASE THE TERMS "YOU" OR "YOUR" SHALL REFER TO SUCH ENTITY AND ITS AFFILIATES. IF YOU DO NOT HAVE SUCH AUTHORITY, OR IF YOU DO NOT AGREE WITH THESE TERMS AND CONDITIONS, YOU MUST NOT ACCEPT THIS AGREEMENT AND MAY NOT USE THE SERVICES.

You may not access the Services if You are Our direct competitor, except with Our prior written consent. In addition, You may not access the Services for purposes of monitoring their availability, performance or functionality, or for any other benchmarking or competitive purposes.

This Agreement was last updated on September 15, 2011. It is effective between You and Us as of the date of You accepting this Agreement.

### Table of Contents

1. Definitions
2. Free Trial
3. Purchased Services
4. Use of the Services
5. Non-Salesforce.com Providers
6. Fees and Payment for Purchased Services
7. Proprietary Rights
8. Confidentiality
9. Warranties and Disclaimers
10. Mutual Indemnification
11. Limitation of Liability
12. Term and Termination
13. Who You Are Contracting With, Notices, Governing Law and Jurisdiction
14. General Provisions

### 1. DEFINITIONS

**"Affiliate"** means any entity which directly or indirectly controls, is controlled by, or is under common control with the subject entity. "Control," for purposes of this definition, means direct or indirect ownership or control of more than 50% of the voting interests of the subject entity.

**"AppExchange"** means the online directory of applications that interoperate with the Services, located at http://www.salesforce.com/appexchange or at any successor websites.

**"Malicious Code"** means viruses, worms, time bombs, Trojan horses and other harmful or malicious code, files, scripts, agents or programs.

**"Non-Salesforce.com Applications"** means online applications and offline software products that are provided by entities or individuals other than Us and are clearly identified as such, and that interoperate with the Services, including but not limited to those listed on the AppExchange and those identified as Force.com Labs or by a similar designation.

**"Order Form"** means the documents for placing orders hereunder, including addenda thereto, that are entered into between You and Us from time to time, including addenda and supplements thereto. By entering into an Order Form hereunder, an Affiliate agrees to be bound by the terms of this Agreement as if it were an original party hereto. Order Forms shall be deemed incorporated herein by reference.



"**Purchased Services**" means Services that You or Your Affiliates purchase under an Order Form, as distinguished from those provided pursuant to a free trial.

"**Services**" means the products and services that are ordered by You under a free trial or an Order Form and made available by Us online via the customer login link at http://www.salesforce.com and/or other web pages designated by Us, including associated offline components, as described in the User Guide. "Services" exclude Non-Salesforce.com Applications.

"**User Guide**" means the online user guide for the Services, accessible via login at http://www.salesforce.com, as updated from time to time. You acknowledge that You have had the opportunity to review the User Guide during the free trial described in Section 2 (30-Day Free Trial) below.

"**Users**" means individuals who are authorized by You to use the Services, for whom subscriptions to a Service have been ordered, and who have been supplied user identifications and passwords by You (or by Us at Your request). Users may include but are not limited to Your employees, consultants, contractors and agents, and third parties with which You transact business.

"**We**," "**Us**" or "**Our**" means the salesforce.com company described in Section 13 (Who You Are Contracting With, Notices, Governing Law and Jurisdiction).

"**You**" or "**Your**" means the company or other legal entity for which you are accepting this Agreement, and Affiliates of that company or entity.

"**Your Data**" means all electronic data or information submitted by You to the Purchased Services.

Back to Top

## 2. FREE TRIAL

If You register on our website for a free trial, We will make one or more Services available to You on a trial basis free of charge until the earlier of (a) the end of the free trial period for which you registered or are registering to use the applicable Service or (b) the start date of any Purchased Services ordered by You. Additional trial terms and conditions may appear on the trial registration web page. Any such additional terms and conditions are incorporated into this Agreement by reference and are legally binding.

**ANY DATA YOU ENTER INTO THE SERVICES, AND ANY CUSTOMIZATIONS MADE TO THE SERVICES BY OR FOR YOU, DURING YOUR FREE TRIAL WILL BE PERMANENTLY LOST UNLESS YOU PURCHASE A SUBSCRIPTION TO THE SAME SERVICES AS THOSE COVERED BY THE TRIAL, PURCHASE UPGRADED SERVICES, OR EXPORT SUCH DATA, BEFORE THE END OF THE TRIAL PERIOD. YOU CANNOT TRANSFER DATA ENTERED OR CUSTOMIZATIONS MADE DURING THE FREE TRIAL TO A SERVICE THAT WOULD BE A DOWNGRADE FROM THAT COVERED BY THE TRIAL (E.G., FROM ENTERPRISE EDITION TO PROFESSIONAL EDITION OR FROM PROFESSIONAL EDITION TO GROUP EDITION); THEREFORE, IF YOU PURCHASE A SERVICE THAT WOULD BE A DOWNGRADE FROM THAT COVERED BY THE TRIAL, YOU MUST EXPORT YOUR DATA BEFORE THE END OF THE TRIAL PERIOD OR YOUR DATA WILL BE PERMANENTLY LOST.**

NOTWITHSTANDING SECTION 9 (WARRANTIES AND DISCLAIMERS), DURING THE FREE TRIAL THE SERVICES ARE PROVIDED "AS-IS" WITHOUT ANY WARRANTY.

Please review the User Guide during the trial period so that You become familiar with the features and functions of the Services before You make Your purchase.

Back to Top

## 3. PURCHASED SERVICES

**3.1. Provision of Purchased Services.** We shall make the Purchased Services available to You pursuant to this Agreement and the relevant Order Forms during a subscription term. You agree that Your purchases hereunder are neither contingent on the delivery of any future functionality or features nor dependent on any oral or written public comments made by Us regarding future functionality or features.

**3.2. User Subscriptions.** Unless otherwise specified in the applicable Order Form, (i) Services are purchased as User subscriptions and may be accessed by no more than the specified number of Users, (ii) additional User subscriptions may be added during the applicable subscription term at the same pricing as that for the pre-existing subscriptions thereunder, prorated for the remainder of the subscription term in effect at the time the additional User subscriptions are added, and (iii) the added User subscriptions shall terminate on the same date as the pre-existing subscriptions. User subscriptions are for designated Users only and cannot be shared or used by more than one User but may be reassigned to new Users replacing former Users who no longer require ongoing use of the Services.



Back to Top

## 4. USE OF THE SERVICES

**4.1. Our Responsibilities.** We shall: (i) provide Our basic support for the Purchased Services to You at no additional charge, and/or upgraded support if purchased separately, (ii) use commercially reasonable efforts to make the Purchased Services available 24 hours a day, 7 days a week, except for: (a) planned downtime (of which We shall give at least 8 hours notice via the Purchased Services and which We shall schedule to the extent practicable during the weekend hours from 6:00 p.m. Friday to 3:00 a.m. Monday Pacific Time), or (b) any unavailability caused by circumstances beyond Our reasonable control, including without limitation, acts of God, acts of government, floods, fires, earthquakes, civil unrest, acts of terror, strikes or other labor problems (other than those involving Our employees), Internet service provider failures or delays, or denial of service attacks, and (iii) provide the Purchased Services only in accordance with applicable laws and government regulations.

**4.2. Our Protection of Your Data.** We shall maintain appropriate administrative, physical, and technical safeguards for protection of the security, confidentiality and integrity of Your Data. We shall not (a) modify Your Data, (b) disclose Your Data except as compelled by law in accordance with Section 8.3 (Compelled Disclosure) or as expressly permitted in writing by You, or (c) access Your Data except to provide the Services and prevent or address service or technical problems, or at Your request in connection with customer support matters.

**4.3. Your Responsibilities.** You shall (i) be responsible for Users' compliance with this Agreement, (ii) be responsible for the accuracy, quality and legality of Your Data and of the means by which You acquired Your Data, (iii) use commercially reasonable efforts to prevent unauthorized access to or use of the Services, and notify Us promptly of any such unauthorized access or use, and (iv) use the Services only in accordance with the User Guide and applicable laws and government regulations. You shall not (a) make the Services available to anyone other than Users, (b) sell, resell, rent or lease the Services, (c) use the Services to store or transmit infringing, libelous, or otherwise unlawful or tortious material, or to store or transmit material in violation of third-party privacy rights, (d) use the Services to store or transmit Malicious Code, (e) interfere with or disrupt the integrity or performance of the Services or third-party data contained therein, or (f) attempt to gain unauthorized access to the Services or their related systems or networks.

**4.3. Usage Limitations.** Services may be subject to other limitations, such as, for example, limits on disk storage space, on the number of calls You are permitted to make against Our application programming interface, and, for Services that enable You to provide public websites, on the number of page views by visitors to those websites. Any such limitations are specified in the User Guide. The Services provide real-time information to enable You to monitor Your compliance with such limitations.

Back to Top

## 5. NON-SALESFORCE.COM PROVIDERS

**5.1. Acquisition of Non-Salesforce.com Products and Services.** We or third parties may from time to time make available to You (e.g., through the AppExchange) third-party products or services, including but not limited to Non-Salesforce.com Applications and implementation, customization and other consulting services. Any acquisition by You of such non-salesforce.com products or services, and any exchange of data between You and any non-salesforce.com provider, is solely between You and the applicable non-salesforce.com provider. We do not warrant or support non-salesforce.com products or services, whether or not they are designated by Us as "certified" or otherwise, except as specified in an Order Form. Subject to Section 5.3 (Integration with Non-Salesforce.com Services), no purchase of non-salesforce.com products or services is required to use the Services except a supported computing device, operating system, web browser and Internet connection.

**5.2. Non-Salesforce.com Applications and Your Data.** If You install or enable Non-Salesforce.com Applications for use with Services, You acknowledge that We may allow providers of those Non-Salesforce.com Applications to access Your Data as required for the interoperation of such Non-Salesforce.com Applications with the Services. We shall not be responsible for any disclosure, modification or deletion of Your Data resulting from any such access by Non-Salesforce.com Application providers. The Services shall allow You to restrict such access by restricting Users from installing or enabling such Non-Salesforce.com Applications for use with the Services.

**5.3. Integration with Non-Salesforce.com Services. The Services may contain features designed to interoperate with Non-Salesforce.com Applications (e.g., Google, Facebook or Twitter applications). To use such features, You may be required to obtain access to such Non-Salesforce.com Applications from their providers. If the provider of any such Non-Salesforce.com Application ceases to make the Non-Salesforce.com Application available for interoperation with the corresponding Service features on reasonable terms, We may cease providing such Service features without entitling You to any refund, credit, or other compensation.**

Back to Top

 

**6. FEES AND PAYMENT FOR PURCHASED SERVICES**

**6.1. Fees.** You shall pay all fees specified in all Order Forms hereunder. Except as otherwise specified herein or in an Order Form, (i) fees are based on services purchased and not actual usage, (ii) payment obligations are non-cancelable and fees paid are non-refundable, and (iii) the number of User subscriptions purchased cannot be decreased during the relevant subscription term stated on the Order Form. User subscription fees are based on monthly periods that begin on the subscription start date and each monthly anniversary thereof; therefore, fees for User subscriptions added in the middle of a monthly period will be charged for that full monthly period and the monthly periods remaining in the subscription term.

**6.2. Invoicing and Payment.** You will provide Us with valid and updated credit card information, or with a valid purchase order or alternative document reasonably acceptable to Us. If You provide credit card information to Us, You authorize Us to charge such credit card for all Services listed in the Order Form for the initial subscription term and any renewal subscription term(s) as set forth in Section 12.2 (Term of Purchased User Subscriptions). Such charges shall be made in advance, either annually or in accordance with any different billing frequency stated in the applicable Order Form. If the Order Form specifies that payment will be by a method other than a credit card, We will invoice You in advance and otherwise in accordance with the relevant Order Form. Unless otherwise stated in the Order Form, invoiced charges are due net 30 days from the invoice date. You are responsible for providing complete and accurate billing and contact information to Us and notifying Us of any changes to such information.

**6.3. Overdue Charges.** If any charges are not received from You by the due date, then at Our discretion, (a) such charges may accrue late interest at the rate of 1.5% of the outstanding balance per month, or the maximum rate permitted by law, whichever is lower, from the date such payment was due until the date paid, and/or (b) We may condition future subscription renewals and Order Forms on payment terms shorter than those specified in Section 6.2 (Invoicing and Payment).

**6.4. Suspension of Service and Acceleration.** If any amount owing by You under this or any other agreement for Our services is 30 or more days overdue (or 10 or more days overdue in the case of amounts You have authorized Us to charge to Your credit card), We may, without limiting Our other rights and remedies, accelerate Your unpaid fee obligations under such agreements so that all such obligations become immediately due and payable, and suspend Our services to You until such amounts are paid in full. We will give You at least 7 days' prior notice that Your account is overdue, in accordance with Section 13.2 (Manner of Giving Notice), before suspending services to You.

**6.5. Payment Disputes.** We shall not exercise Our rights under Section 6.3 (Overdue Charges) or 6.4 (Suspension of Service and Acceleration) if You are disputing the applicable charges reasonably and in good faith and are cooperating diligently to resolve the dispute.

**6.6. Taxes.** Unless otherwise stated, Our fees do not include any taxes, levies, duties or similar governmental assessments of any nature, including but not limited to value-added, sales, use or withholding taxes, assessable by any local, state, provincial, federal or foreign jurisdiction (collectively, **"Taxes"**). You are responsible for paying all Taxes associated with Your purchases hereunder. If We have the legal obligation to pay or collect Taxes for which You are responsible under this paragraph, the appropriate amount shall be invoiced to and paid by You, unless You provide Us with a valid tax exemption certificate authorized by the appropriate taxing authority. For clarity, We are solely responsible for taxes assessable against it based on Our income, property and employees.

Back to Top

**7. PROPRIETARY RIGHTS**

**7.1. Reservation of Rights in Services.** Subject to the limited rights expressly granted hereunder, We reserve all rights, title and interest in and to the Services, including all related intellectual property rights. No rights are granted to You hereunder other than as expressly set forth herein.

**7.2. Restrictions.** You shall not (i) permit any third party to access the Services except as permitted herein or in an Order Form, (ii) create derivate works based on the Services except as authorized herein, (iii) copy, frame or mirror any part or content of the Services, other than copying or framing on Your own intranets or otherwise for Your own internal business purposes, (iv) reverse engineer the Services, or (v) access the Services in order to (a) build a competitive product or service, or (b) copy any features, functions or graphics of the Services.

**7.3. Your Applications and Code.** If You, a third party acting on Your behalf, or a User creates applications or program code using the Services, You authorize Us to host, copy, transmit, display and adapt such applications and program code, solely as necessary for Us to provide the Services in accordance with this Agreement. Subject to the above, We acquire no right, title or interest from You or Your licensors under this Agreement in or to such applications or program code, including any intellectual property rights therein.

**7.4. Your Data.** Subject to the limited rights granted by You hereunder, We acquire no right, title or interest from You or Your licensors under this Agreement in or to Your Data, including any intellectual property rights therein.

 

**7.5. Suggestions.** We shall have a royalty-free, worldwide, irrevocable, perpetual license to use and incorporate into the Services any suggestions, enhancement requests, recommendations or other feedback provided by You, including Users, relating to the operation of the Services.

**7.6. Federal Government End Use Provisions.** We provide the Services, including related software and technology, for ultimate federal government end use solely in accordance with the following: Government technical data and software rights related to the Services include only those rights customarily provided to the public as defined in this Agreement. This customary commercial license is provided in accordance with FAR 12.211 (Technical Data) and FAR 12.212 (Software) and, for Department of Defense transactions, DFAR 252.227-7015 (Technical Data – Commercial Items) and DFAR 227.7202-3 (Rights in Commercial Computer Software or Computer Software Documentation). If a government agency has a need for rights not conveyed under these terms, it must negotiate with Us to determine if there are acceptable terms for transferring such rights, and a mutually acceptable written addendum specifically conveying such rights must be included in any applicable contract or agreement.

Back to Top

## 8. CONFIDENTIALITY

**8.1. Definition of Confidential Information.** As used herein, "**Confidential Information**" means all confidential information disclosed by a party ("**Disclosing Party**") to the other party ("**Receiving Party**"), whether orally or in writing, that is designated as confidential or that reasonably should be understood to be confidential given the nature of the information and the circumstances of disclosure. Your Confidential Information shall include Your Data; Our Confidential Information shall include the Services; and Confidential Information of each party shall include the terms and conditions of this Agreement and all Order Forms, as well as business and marketing plans, technology and technical information, product plans and designs, and business processes disclosed by such party. However, Confidential Information (other than Your Data) shall not include any information that (i) is or becomes generally known to the public without breach of any obligation owed to the Disclosing Party, (ii) was known to the Receiving Party prior to its disclosure by the Disclosing Party without breach of any obligation owed to the Disclosing Party, (iii) is received from a third party without breach of any obligation owed to the Disclosing Party, or (iv) was independently developed by the Receiving Party.

**8.2. Protection of Confidential Information.** The Receiving Party shall use the same degree of care that it uses to protect the confidentiality of its own confidential information of like kind (but in no event less than reasonable care) (i) not to use any Confidential Information of the Disclosing Party for any purpose outside the scope of this Agreement, and (ii) except as otherwise authorized by the Disclosing Party in writing, to limit access to Confidential Information of the Disclosing Party to those of its and its Affiliates' employees, contractors and agents who need such access for purposes consistent with this Agreement and who have signed confidentiality agreements with the Receiving Party containing protections no less stringent than those herein. Neither party shall disclose the terms of this Agreement or any Order Form to any third party other than its Affiliates and their legal counsel and accountants without the other party's prior written consent.

**8.3. Compelled Disclosure.** The Receiving Party may disclose Confidential Information of the Disclosing Party if it is compelled by law to do so, provided the Receiving Party gives the Disclosing Party prior notice of such compelled disclosure (to the extent legally permitted) and reasonable assistance, at the Disclosing Party's cost, if the Disclosing Party wishes to contest the disclosure. If the Receiving Party is compelled by law to disclose the Disclosing Party's Confidential Information as part of a civil proceeding to which the Disclosing Party is a party, and the Disclosing Party is not contesting the disclosure, the Disclosing Party will reimburse the Receiving Party for its reasonable cost of compiling and providing secure access to such Confidential Information.

Back to Top

## 9. WARRANTIES AND DISCLAIMERS

**9.1. Our Warranties.** We warrant that (i) We have validly entered into this Agreement and have the legal power to do so, (ii) the Services shall perform materially in accordance with the User Guide, (iii) subject to Section 5.3 (Integration with Non-Salesforce.com Services), the functionality of the Services will not be materially decreased during a subscription term, and (iv) We will not transmit Malicious Code to You, provided it is not a breach of this subpart (iv) if You or a User uploads a file containing Malicious Code into the Services and later downloads that file containing Malicious Code. For any breach of a warranty above, Your exclusive remedy shall be as provided in Section 12.3 (Termination for Cause) and Section 12.4 (Refund or Payment upon Termination) below.

**9.2. Your Warranties.** You warrant that You have validly entered into this Agreement and have the legal power to do so.

**9.3. Disclaimer.** EXCEPT AS EXPRESSLY PROVIDED HEREIN, NEITHER PARTY MAKES ANY WARRANTIES OF ANY KIND, WHETHER EXPRESS, IMPLIED, STATUTORY OR OTHERWISE, AND EACH PARTY SPECIFICALLY DISCLAIMS ALL IMPLIED WARRANTIES, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR




PURPOSE, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW.

**9.4. Non-GA Services.** From time to time We may invite You to try, at no charge, Our products or services that are not generally available to Our customers (**"Non-GA Services"**). You may accept or decline any such trial in Your sole discretion. Any Non-GA Services will be clearly designated as beta, pilot, limited release, developer preview, non-production or by a description of similar import. Non-GA Services are provided for evaluation purposes and not for production use, are not supported, may contain bugs or errors, and may be subject to additional terms. NON-GA SERVICES ARE NOT CONSIDERED "SERVICES" HEREUNDER AND ARE PROVIDED "AS IS" WITH NO EXPRESS OR IMPLIED WARRANTY. We may discontinue Non-GA Services at any time in Our sole discretion and may never make them generally available.

Back to Top

## 10. MUTUAL INDEMNIFICATION

**10.1. Indemnification by Us.** We shall defend You against any claim, demand, suit, or proceeding made or brought against You by a third party alleging that the use of the Services as permitted hereunder infringes or misappropriates the intellectual property rights of a third party (a **"Claim Against You"**), and shall indemnify You for any damages, attorney fees and costs finally awarded against You as a result of, and for amounts paid by You under a court-approved settlement of, a Claim Against You; provided that You (a) promptly give Us written notice of the Claim Against You; (b) give Us sole control of the defense and settlement of the Claim Against You (provided that We may not settle any Claim Against You unless the settlement unconditionally releases You of all liability); and (c) provide to Us all reasonable assistance, at Our expense. In the event of a Claim Against You, or if We reasonably believe the Services may infringe or misappropriate, We may in Our discretion and at no cost to You (i) modify the Services so that they no longer infringe or misappropriate, without breaching Our warranties under "Our Warranties" above, (ii) obtain a license for Your continued use of the Services in accordance with this Agreement, or (iii) terminate Your User subscriptions for such Services upon 30 days' written notice and refund to You any prepaid fees covering the remainder of the term of such User subscriptions after the effective date of termination.

**10.2. Indemnification by You.** You shall defend Us against any claim, demand, suit or proceeding made or brought against Us by a third party alleging that Your Data, or Your use of the Services in breach of this Agreement, infringes or misappropriates the intellectual property rights of a third party or violates applicable law (a **"Claim Against Us"**), and shall indemnify Us for any damages, attorney fees and costs finally awarded against Us as a result of, or for any amounts paid by Us under a court-approved settlement of, a Claim Against Us; provided that We (a) promptly give You written notice of the Claim Against Us; (b) give You sole control of the defense and settlement of the Claim Against Us (provided that You may not settle any Claim Against Us unless the settlement unconditionally releases Us of all liability); and (c) provide to You all reasonable assistance, at Your expense.

**10.3. Exclusive Remedy.** This Section 10 (Mutual Indemnification) states the indemnifying party's sole liability to, and the indemnified party's exclusive remedy against, the other party for any type of claim described in this Section.

Back to Top

## 11. LIMITATION OF LIABILITY

**11.1. Limitation of Liability.** NEITHER PARTY'S LIABILITY WITH RESPECT TO ANY SINGLE INCIDENT ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER IN CONTRACT OR TORT OR UNDER ANY OTHER THEORY OF LIABILITY) SHALL EXCEED THE LESSER OF $500,000 OR THE AMOUNT PAID BY YOU HEREUNDER IN THE 12 MONTHS PRECEDING THE INCIDENT, PROVIDED THAT IN NO EVENT SHALL EITHER PARTY'S AGGREGATE LIABILITY ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER IN CONTRACT OR TORT OR UNDER ANY OTHER THEORY OF LIABILITY) EXCEED THE TOTAL AMOUNT PAID BY YOU HEREUNDER. THE FOREGOING SHALL NOT LIMIT YOUR PAYMENT OBLIGATIONS UNDER SECTION 6 (FEES AND PAYMENT FOR PURCHASED SERVICES).

**11.2. Exclusion of Consequential and Related Damages.** IN NO EVENT SHALL EITHER PARTY HAVE ANY LIABILITY TO THE OTHER PARTY FOR ANY LOST PROFITS OR REVENUES OR FOR ANY INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL, COVER OR PUNITIVE DAMAGES HOWEVER CAUSED, WHETHER IN CONTRACT, TORT OR UNDER ANY OTHER THEORY OF LIABILITY, AND WHETHER OR NOT THE PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. THE FOREGOING DISCLAIMER SHALL NOT APPLY TO THE EXTENT PROHIBITED BY APPLICABLE LAW.

Back to Top

## 12. TERM AND TERMINATION

**12.1. Term of Agreement.** This Agreement commences on the date You accept it and continues until all User subscriptions granted in accordance with this Agreement have expired or been terminated. If You elect to use the Services for a free trial period and do not purchase a subscription before the end of that period, this Agreement will terminate at the end of the free trial period.

**12.2. Term of Purchased User Subscriptions.** User subscriptions purchased by You commence on the start date specified in the applicable Order Form and continue for the subscription term specified therein. **Except as otherwise specified in the applicable Order Form, all User subscriptions shall automatically renew for additional periods equal to the expiring subscription term or one year (whichever is shorter), unless either party gives the other notice of non-renewal at least 30 days before the end of the relevant subscription term. The per-unit pricing during any such renewal term shall be the same as that during the prior term unless We have given You written notice of a pricing increase at least 60 days before the end of such prior term, in which case the pricing increase shall be effective upon renewal and thereafter. Any such pricing increase shall not exceed 7% of the pricing for the relevant Services in the immediately prior subscription term, unless the pricing in such prior term was designated in the relevant Order Form as promotional or one-time.**

**12.3. Termination for Cause.** A party may terminate this Agreement for cause: (i) upon 30 days written notice to the other party of a material breach if such breach remains uncured at the expiration of such period, or (ii) if the other party becomes the subject of a petition in bankruptcy or any other proceeding relating to insolvency, receivership, liquidation or assignment for the benefit of creditors.

**12.4. Refund or Payment upon Termination.** Upon any termination for cause by You, We shall refund You any prepaid fees covering the remainder of the term of all subscriptions after the effective date of termination. Upon any termination for cause by Us, You shall pay any unpaid fees covering the remainder of the term of all Order Forms after the effective date of termination. In no event shall any termination relieve You of the obligation to pay any fees payable to Us for the period prior to the effective date of termination.

**12.5. Return of Your Data.** Upon request by You made within 30 days after the effective date of termination of a Purchased Services subscription, We will make available to You for download a file of Your Data in comma separated value (.csv) format along with attachments in their native format. After such 30-day period, We shall have no obligation to maintain or provide any of Your Data and shall thereafter, unless legally prohibited, delete all of Your Data in Our systems or otherwise in Our possession or under Our control.

**12.6. Surviving Provisions.** Section 6 (Fees and Payment for Purchased Services), 7 (Proprietary Rights), 8 (Confidentiality), 9.3 (Disclaimer), 10 (Mutual Indemnification), 11 (Limitation of Liability), 12.4 (Refund or Payment upon Termination), 12.5 (Return of Your Data), 13 (Who You Are Contracting With, Notices, Governing Law and Jurisdiction) and 14 (General Provisions) shall survive any termination or expiration of this Agreement.

Back to Top

## 13. WHO YOU ARE CONTRACTING WITH, NOTICES, GOVERNING LAW AND JURISDICTION

**13.1. General.** Who You are contracting with under this Agreement, who You should direct notices to under this Agreement, what law will apply in any lawsuit arising out of or in connection with this Agreement, and which courts can adjudicate any such lawsuit, depend on where You are domiciled.

| If You are domiciled in: | You are contracting with: | Notices should be addressed to: | The governing law is: | The courts having exclusive jurisdiction are: |
|---|---|---|---|---|
| The United States of America, Mexico or a Country in Central or South America or the Caribbean | salesforce.com, Inc., a Delaware corporation | The Landmark @ One Market, Suite 300, San Francisco, California, 94105, U.S.A., attn: VP, Worldwide Sales Operations Fax: +1-415-901-7040 | California and controlling United States federal law | San Francisco, California, U.S.A. |
| Canada | salesforce.com Canada Corporation, a Nova Scotia corporation | The Landmark @ One Market, Suite 300, San Francisco, California, 94105, U.S.A., attn: VP, Worldwide Sales Operations Fax: +1-415-901-7040 | Ontario and controlling Canadian federal law | Toronto, Ontario, Canada |

 

| If You are domiciled in: | You are contracting with: | Notices should be addressed to: | The governing law is: | The courts having exclusive jurisdiction are: |
|---|---|---|---|---|
| A Country in Europe, the Middle East or Africa | salesforce.com Sàrl, a Switzerland private limited liability company | Route de la Longeraie 9, Morges, 1110, Switzerland, attn: Director, EMEA Sales Operations Fax +41-21-6953701 | Switzerland | Switzerland |
| Japan | Kabushiki Kaisha Salesforce.com, a Japan corporation | Roppongi Hills Mori Tower 39F, 6-10-1 Roppongi, Minato-ku, Tokyo 106-6139, Japan, attn: Director, Japan Sales Operations Fax +81-3-5793-8302 | Japan | Tokyo, Japan |
| A Country in Asia or the Pacific region, other than Japan | Salesforce.com Singapore Pte Ltd, a Singapore private limited company | 9 Temasek Boulevard #40-01, Suntec Tower 2, Singapore, 038989, attn: Director, APAC Sales Operations Fax +65 6302 5777 | Singapore | Singapore |

**13.2. Manner of Giving Notice.** Except as otherwise specified in this Agreement, all notices, permissions and approvals hereunder shall be in writing and shall be deemed to have been given upon: (i) personal delivery, (ii) the second business day after mailing, (iii) the second business day after sending by confirmed facsimile, or (iv) the first business day after sending by email (provided email shall not be sufficient for notices of termination or an indemnifiable claim). Billing-related notices to You shall be addressed to the relevant billing contact designated by You. All other notices to You shall be addressed to the relevant Services system administrator designated by You.

**13.3. Agreement to Governing Law and Jurisdiction.** Each party agrees to the applicable governing law above without regard to choice or conflicts of law rules, and to the exclusive jurisdiction of the applicable courts above.

**13.4. Waiver of Jury Trial.** Each party hereby waives any right to jury trial in connection with any action or litigation in any way arising out of or related to this Agreement.

Back to Top

**14. GENERAL PROVISIONS**

**14.1. Export Compliance.** The Services, other technology We make available, and derivatives thereof may be subject to export laws and regulations of the United States and other jurisdictions. Each party represents that it is not named on any U.S. government denied-party list. You shall not permit Users to access or use Services in a U.S.-embargoed country (currently Cuba, Iran, North Korea, Sudan or Syria) or in violation of any U.S. export law or regulation.

**14.2. Anti-Corruption.** You have not received or been offered any illegal or improper bribe, kickback, payment, gift, or thing of value from any of Our employees or agents in connection with this Agreement. Reasonable gifts and entertainment provided in the ordinary course of business do not violate the above restriction. If You learn of any violation of the above restriction, You will use reasonable efforts to promptly notify Our Legal Department (legalcompliance@salesforce.com).

**14.3. Relationship of the Parties.** The parties are independent contractors. This Agreement does not create a partnership, franchise, joint venture, agency, fiduciary or employment relationship between the parties.

**14.4. No Third-Party Beneficiaries.** There are no third-party beneficiaries to this Agreement.

 

**14.5. Waiver.** No failure or delay by either party In exercising any right under this Agreement shall constitute a waiver of that right.

**14.6. Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the provision shall be modified by the court and interpreted so as best to accomplish the objectives of the original provision to the fullest extent permitted by law, and the remaining provisions of this Agreement shall remain in effect.

**14.7. Attorney Fees.** You shall pay on demand all of Our reasonable attorney fees and other costs incurred by Us to collect any fees or charges due Us under this Agreement following Your breach of Section 6.2 (Invoicing and Payment).

**14.8. Assignment.** Neither party may assign any of its rights or obligations hereunder, whether by operation of law or otherwise, without the prior written consent of the other party (not to be unreasonably withheld). Notwithstanding the foregoing, either party may assign this Agreement in its entirety (including all Order Forms), without consent of the other party, to its Affiliate or in connection with a merger, acquisition, corporate reorganization, or sale of all or substantially all of its assets not involving a direct competitor of the other party. A party's sole remedy for any purported assignment by the other party in breach of this paragraph shall be, at the non-assigning party's election, termination of this Agreement upon written notice to the assigning party. In the event of such a termination, We shall refund to You any prepaid fees covering the remainder of the term of all subscriptions after the effective date of termination. Subject to the foregoing, this Agreement shall bind and inure to the benefit of the parties, their respective successors and permitted assigns.

**14.9. Entire Agreement.** This Agreement, including all exhibits and addenda hereto and all Order Forms, constitutes the entire agreement between the parties and supersedes all prior and contemporaneous agreements, proposals or representations, written or oral, concerning its subject matter. No modification, amendment, or waiver of any provision of this Agreement shall be effective unless in writing and either signed or accepted electronically by the party against whom the modification, amendment or waiver is to be asserted. However, to the extent of any conflict or inconsistency between the provisions in the body of this Agreement and any exhibit or addendum hereto or any Order Form, the terms of such exhibit, addendum or Order Form shall prevail. Notwithstanding any language to the contrary therein, no terms or conditions stated in Your purchase order or other order documentation (excluding Order Forms) shall be incorporated into or form any part of this Agreement, and all such terms or conditions shall be null and void.

Back to Top

# EXHIBIT "C"



salesforce.com

salesforce.com, inc.
San Francisco, CA 94105
United States

**INVOICE**

**Bill To:**
Mypillow.com
Attn: Kim Rassmusen
920 6th St. West
Carver, MN 55315
US

**Ship To:**
Carver, MN 55315
US

| | |
|---|---|
| Invoice Number: | 04154381 |
| Invoice Date: | 4/14/2012 |
| Invoice Due Date: | 5/29/2012 |
| Payment Terms: | Net 45 |
| Payment Method: | Check |
| Account Number: | 4-445975 |
| Contract Number: | 00565182 |
| Invoice Amount: | USD 225,636.00 |

## Remittance Information

**Remit To:**
Salesforce.com Inc
P.O. Box 203141
Dallas, TX 75320-3141
United States

**Wire Transfer To:**
| | |
|---|---|
| Bank Name: | Wells Fargo |
| A/C Name: | SALESFORCE.COM INC (AR) |
| A/C No: | 4121519898 |
| ABA No.: | 1210-0024-8 |

Please reference invoice number 04154381 with your payment.

## Invoice Details

### Vendor: Salesforce.com

| | Service | Quote # | Months | Qty | Unit Price+ | Tax Rate | Tax | Total |
|---|---|---|---|---|---|---|---|---|
| 1 | Premier Success Plan (Support) - Sales Cloud | Q-1015031 | | 120 | 16.88 | 0% | 0.00 | 24,300.00 |
| | Service Dates: 4/15/2012 - 4/14/2013 | | | | | | | |
| 2 | Premier Success Plan (Support) - Service Cloud | Q-1015031 | | 80 | 18.23 | 0% | 0.00 | 17,496.00 |
| | Service Dates: 4/15/2012 - 4/14/2013 | | | | | | | |
| 3 | Sales Cloud - Enterprise Edition | Q-1015031 | | 40 | 82.50 | 0% | 0.00 | 39,600.00 |
| | Service Dates: 4/15/2012 - 4/14/2013 | | | | | | | |
| 4 | Sales Cloud - Enterprise Edition (Restricted Use) | Q-1015031 | | 80 | 62.50 | 0% | 0.00 | 60,000.00 |
| | Service Dates: 4/15/2012 - 4/14/2013 | | | | | | | |
| 5 | Service Cloud - Enterprise Edition | Q-1015031 | | 75 | 89.10 | 0% | 0.00 | 80,190.00 |
| | Service Dates: 4/15/2012 - 4/14/2013 | | | | | | | |
| 6. | Service Cloud - Enterprise Edition (Restricted Use) | Q-1015031 | | 5 | 67.50 | 0% | 0.00 | 4,050.00 |
| | Service Dates: 4/15/2012 - 4/14/2013 | | | | | | | |
| | | | | | | | | Subtotal: USD 225,636.00 |

**Salesforce.com Total Charges: USD 225,636.00**

+ The unit price shown above has been rounded to two decimal places for display purposes. As many as eight decimal places may be present in the actual price. The total price for this invoice was calculated using the actual price, rather than the unit price displayed above, and is the true and binding total for this invoice.

Please note: Access to salesforce.com CRM subscription services is through remote Internet browser. This on-demand CRM

 

service does not include the transfer of any software.

For more information regarding billing for your account, please view your account summary at: https://store.salesforce.com/apex/statement *

For answers to frequently asked billing questions, please visit our Billing FAQ at:http://www.salesforce.com/company/faq.jsp

To log a case regarding a billing query, please click here:https://www.salesforce.com/form/contact/billing-contact.jsp

contact customer service at 415-901-8457 for any questions.

This invoice was generated using Salesforce.

* Requires login access to Checkout.



salesforce.com.
Success. Net Software

San Francisco, CA 94105
United States

MYPILLOW.COM
ATTN: KIM RASSMUSEN
920 6TH ST. WEST
CARVER, MN 55315
US

---

Please return this portion with your payment and reference your invoice number on your check payment.

Please send payment to:
Salesforce.com Inc
P.O. Box 203141
Dallas, TX 75320-3141
United States

Account Name: MyPillow
Account Number: 4-446975
Contract Number: 00565182

Invoice Number: 04154381
Invoice Date:4/14/2012
Invoice Due Date: 5/29/2012
Invoice Amount: USD 225,636.00

Payment Amount: _____

Check Number: _____



sales**force**.com.
Success. Not Software

salesforce.com, Inc.
San Francisco, CA 94105
United States

**INVOICE**

**Bill To:**
Mypillow.com
Attn: Kim Rassmusen
920 6th St. West
Carver, MN 55315
US

**Ship To:**
Carver, MN 55315
US

| Invoice Number: | 04440664 |
|---|---|
| Invoice Date: | 9/21/2012 |
| Invoice Due Date: | 11/5/2012 |
| Payment Terms: | Net 45 |
| Payment Method: | Check |
| Account Number: | 4-445975 |
| Contract Number: | 00565182 |
| Invoice Amount: | USD 451,272.00 |

## Remittance Information

Remit To:
Salesforce.com Inc
P.O. Box 203141
Dallas, TX 75320-3141
United States

Wire Transfer To:
Bank Name:      Wells Fargo
A/C Name:       SALESFORCE.COM INC (AR)
A/C No:         4121519896
ABA No.:        1210-0024-8

Please reference invoice number 04440664 with your payment.

## Invoice Details

### Vendor: Salesforce.com

|   | Service | Quote # | Months | Qty | Unit Price+ | Tax Rate | Tax | Total |
|---|---|---|---|---|---|---|---|---|
| 1 | Premier Success Plan (Support) - Sales Cloud | Q-1015031 | 12.00 | 120 | 16.88 | 0% | 0.00 | 24,300.00 |
|   | *Service Dates: 4/15/2014 - 4/14/2015* | | | | | | | |
| 2 | Premier Success Plan (Support) - Sales Cloud | Q-1015031 | 12.00 | 120 | 16.88 | 0% | 0.00 | 24,300.00 |
|   | *Service Dates: 4/15/2013 - 4/14/2014* | | | | | | | |
| 3 | Premier Success Plan (Support) - Service Cloud | Q-1015031 | 12.00 | 80 | 18.23 | 0% | 0.00 | 17,496.00 |
|   | *Service Dates: 4/15/2014 - 4/14/2015* | | | | | | | |
| 4 | Premier Success Plan (Support) - Service Cloud | Q-1015031 | 12.00 | 80 | 18.23 | 0% | 0.00 | 17,496.00 |
|   | *Service Dates: 4/15/2013 - 4/14/2014* | | | | | | | |
| 5 | Sales Cloud - Enterprise Edition | Q-1015031 | 12.00 | 40 | 82.50 | 0% | 0.00 | 39,600.00 |
|   | *Service Dates: 4/15/2013 - 4/14/2014* | | | | | | | |
| 6 | Sales Cloud - Enterprise Edition | Q-1015031 | 12.00 | 40 | 82.50 | 0% | 0.00 | 39,600.00 |
|   | *Service Dates: 4/15/2014 - 4/14/2015* | | | | | | | |
| 7 | Sales Cloud - Enterprise Edition (Restricted Use) | Q-1015031 | 12.00 | 80 | 82.50 | 0% | 0.00 | 60,000.00 |
|   | *Service Dates: 4/15/2013 - 4/14/2014* | | | | | | | |



| | | | | | | | | |
|----|-------------------------------------------------------|-----------|-------|----|-------|----|------|-----------|
| 8 | Sales Cloud - Enterprise Edition (Restricted Use) | Q-1015031 | 12.00 | 80 | 62.50 | 0% | 0.00 | 60,000.00 |
| | *Service Dates: 4/15/2014 - 4/14/2015* | | | | | | | |
| 9 | Service Cloud - Enterprise Edition | Q-1015031 | 12.00 | 75 | 89.10 | 0% | 0.00 | 80,190.00 |
| | *Service Dates: 4/15/2014 - 4/14/2015* | | | | | | | |
| 10 | Service Cloud - Enterprise Edition | Q-1015031 | 12.00 | 75 | 89.10 | 0% | 0.00 | 80,190.00 |
| | *Service Dates: 4/15/2013 - 4/14/2014* | | | | | | | |
| 11 | Service Cloud - Enterprise Edition (Restricted Use) | Q-1015031 | 12.00 | 5 | 67.50 | 0% | 0.00 | 4,050.00 |
| | *Service Dates: 4/15/2013 - 4/14/2014* | | | | | | | |
| 12 | Service Cloud - Enterprise Edition (Restricted Use) | Q-1015031 | 12.00 | 5 | 67.50 | 0% | 0.00 | 4,050.00 |
| | *Service Dates: 4/15/2014 - 4/14/2015* | | | | | | | |
| | | | | | | | Subtotal: USD | 451,272.00 |

**Salesforce.com Total Charges: USD 451,272.00**

+ The unit price shown above has been rounded to two decimal places for display purposes. As many as eight decimal places may be present in the actual price. The total price for this invoice was calculated using the actual price, rather than the unit price displayed above, and is the true and binding total for this invoice.

Please note: Access to salesforce.com CRM subscription services is through remote Internet browser. This on-demand CRM service does not include the transfer of any software.

For more information regarding billing for your account, please view your account summary at: https://store.salesforce.com/apex/statement *

For answers to frequently asked billing questions, please visit our Billing FAQ at:http://www.salesforce.com/company/faq.jsp

To log a case regarding a billing query, please click here:https://www.salesforce.com/form/contact/billing-contact.jsp

contact customer service at 415-901-8457 for any questions.

This Invoice was generated using Salesforce.

* Requires login access to Checkout.

3/13/13                      https://na1.salesforce.com/apex/Invoice?id=a2d30000000jgQe&c=coversheet

**sales*force*.com.**
Success. Not Software.

San Francisco, CA 94105
United States

MYPILLOW.COM
ATTN: KIM RASSMUSEN
920 6TH ST. WEST
CARVER, MN 55315
US

---

Please return this portion with your payment and reference your invoice number on your check payment.

**Please send payment to:**
Salesforce.com Inc
P.O. Box 203141
Dallas, TX 75320-3141
United States

Account Name: MyPillow
Account Number: 4-446975
Contract Number: 00565182

Invoice Number: 04440664
Invoice Date: 9/21/2012
Invoice Due Date: 11/5/2012
Invoice Amount: USD 451,272.00

Payment Amount: _____

Check Number: _____

CASE NUMBER: CGC-13-529775  SALESFORCE.COM, INC. VS. MY PILLOW, INC. et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:**  **AUG-21-2013**
>
> **TIME:**  **10:30AM**
>
> **PLACE:**  **Department 610**
> **400 McAllister Street**
> **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



**Superior Court of California, County of San Francisco**
**---- Alternative Dispute Resolution ----**
**Program Information Package**



---

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 3.221(c))

---

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

### WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

### Or, visit the court ADR website at www.sfsuperiorcourt.org

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>DEPARTMENT 610 |

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program.  www.sfsuperiorcourt.org

☐   **Other ADR process (describe)** _____

**2)   The parties agree that the ADR Process shall be completed by (date):** _____

**3)   Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____


| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  07/12                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:           FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:           Time:         Dept.:        Div.:        Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐ days *(specify number):*
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                    f.  Fax number:
    e.  E-mail address:                                       g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation (if available).**
    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| **(1) Mediation** | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| **(6) Other *(specify):*** | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:


**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:


**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:


**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:
    Party                    Description                    Date




c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:




CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 4 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.